## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In Re:

CLEMENT IVELAW SCANTLEBURY, JR.           CASE NO.: 6:18-BK-00353-CCJ
AISHA AIN SCANTLEBURY                                  CHAPTER     13

      Debtors.

_____/

### MAGNOLIA CLUB HOMEOWNERS ASSOCIATION, INC., MOTION TO DISMISS AND FOR PROSPECTIVE RELIEF TO GRANT A TWO-YEAR BAR UNDER 11 U.S.C. §362 (d)(4)(B), OR IN THE ALTERNATIVE, PROSPECTIVE STAY RELIEF FOR A TWO YEAR PERIOD OR TO COMPEL DEBTOR TO PROVIDE ADEQUATE PROTECTION PAYMENTS

COMES NOW, Movant, Magnolia Club Homeowners Association, Inc., secured creditor, seeking relief from the automatic stay under 11 U.S.C. §362(d)(1) and (d)(2) and an order granting the Motion to Dismiss and ordering a two-year filing bar as to the property located at 3320 Pine Oak Trail, Sanford, FL 32773 under 11 U.S.C. §362(d)(4)(B), or in the alternative, prospective stay relief for a two-year period, or to compel Debtor to provide adequate protection payments and would show the Court as follows:

1.      On January 23, 2018, Clement Ivelaw Scantlebury, Jr., and Aisha A'in Murphy Scantlebury also known as Aisha A'in Murphy, filed the sixth bankruptcy for relief under Chapter 13 of the U.S. Bankruptcy Code.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §362, and the Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.      Debtor, Aisha A'in Murphy Scantlebury also known as Aisha A'in Murphy is a serial bankruptcy filer.

20143-006

4.      Upon information and belief, Debtor, Aisha A'in Murphy Scantlebury also known as Aisha A'in Murphy, has filed for bankruptcy in bad faith.

5.      On September 11, 2007, the Seminole County Eighteenth Circuit Court entered a Final Judgment (the "Final Judgment") in favor of the first mortgage, HSBC Bank USA National Association, as Trustee for Deutsche ALT-B Securities Mortgage Loan Trust Series 2006-AB4, as to the below described property.  The first mortgage is entitled to enforce the Final Judgment. Said Final Judgment is attached hereto as Exhibit "A".

> **Lot 107, of Magnolia Club, according to the plat thereof, as recorded in Plat Book 67, at Pages 75 through 79, of the Public Records of Seminole County, Florida.**

6.      The foreclosure sale set for **November 27, 2007** was cancelled.

7.      The Debtors remain in default. In fact, upon information and belief the Debtor has not voluntarily made a maintenance payment since the purchase of the property.

8.      Besides the Final Judgment obtained by the first mortgage, which is attached to this Motion, Movant's balance is in excess of **$54,713.60** and its indebtedness continues to accrue interest, subject to the first mortgage.

9.      The estimated value of the property is $108,236 according to the Seminole County Property Appraiser attached hereto as Exhibit "B".

10.     This property is **not** homestead property.

11.     The foreclosure sale was rescheduled for February 10, 2009, which was subsequently cancelled due to the Debtor filing for bankruptcy on February 9, 2009, one day before the foreclosure sale.

20143-006

12.     Debtor filed her **first** Chapter 13 Bankruptcy case in the Middle District of Florida under Bankruptcy Petition Number 07-05940 on November 21, 2007 to stop the foreclosure sale. The bankruptcy case was subsequently dismissed for failure to pay the filing fee on September 30, 2008. A copy of the Dismissal Order is attached hereto as Exhibit "C".

13.     After Debtor's November 21, 2007 bankruptcy was dismissed, the first mortgage again requested the Seminole County Circuit Court to reschedule the foreclosure sale. The sale was rescheduled for February 10, 2009.

14.     On February 9, 2009, one day prior to the foreclosure sale, the Debtor filed a **second** Chapter 13 Bankruptcy case in the Middle District of Florida under Bankruptcy Petition Number 09-01419, which subsequently cancelled the first mortgage's February 10, 2009 foreclosure sale. An Order Dismissing Case for failure to make plan payments was entered on September 10, 2009. A copy of the Dismissal Order is attached hereto as Exhibit "D".

15.     On September 13, 2010, the first mortgage requested the Seminole County Circuit Court to reset the foreclosure sale after the bankruptcy dismissal. The foreclosure sale was reset for January 12, 2010.

16.     On September 13, 2010, the first mortgage filed a Motion to Reschedule Foreclosure Sale due to a possible loss mitigation workout with the debtor. Such motion was granted by the Seminole County Circuit Court and the foreclosure sale was rescheduled for October 12, 2010.

17.     On October 11, 2010, again one day prior to the foreclosure sale, the Debtor filed a **third** Chapter 13 Bankruptcy case in the Middle District of Florida under Bankruptcy Petition Number 10-18213, which subsequently cancelled the first mortgage's October 12, 2010

foreclosure sale. An Order Dismissing Case for failure to make plan payments was entered on July 7, 2011. A copy of the Dismissal Order is attached hereto as Exhibit "E".

18.     On August 31, 2011, the first mortgage requested the Seminole County Circuit Court to reset the foreclosure sale after the bankruptcy dismissal. The foreclosure sale was reset for October 6, 2011.

19.     On September 27, 2011, the first mortgage filed a Motion to Cancel and Reschedule the October 6, 2011 foreclosure sale due to a loss mitigation review. The foreclosure sale was reset for November 29, 2011.

20.     On November 28, 2011, yet another day prior to the foreclosure sale, the debtor filed a **fourth** Chapter 13 Bankruptcy case in the Middle District of Florida under Bankruptcy Petition Number 11-17826, which subsequently cancelled the first mortgage's November 29, 2011 foreclosure sale. An Order Dismissing Case for failure to make plan payments was entered on June 26, 2014. A copy of the Dismissal Order is attached hereto as Exhibit "F".

21.     On July 17, 2014, Movant filed an Amended Motion to Vacate the Certificate of Sale and Motion to Reschedule the Bank's Foreclosure Sale with the Seminole County Circuit Court. The Court's Order granting Movant's Amended Motion to Vacate the Certificate of Sale and Motion to Reschedule the Bank's Foreclosure Sale was entered on August 11, 2014 and the first mortgage's foreclosure sale was reset for October 9, 2014. A copy of the Order is attached hereto as Exhibit "G".

22.     On October 8, 2014, a day prior to the foreclosure sale, the debtor filed a **fifth** Chapter 13 Bankruptcy case in the Middle District of Florida under Bankruptcy Petition Number 14-11350, which subsequently cancelled the first mortgage's October 9, 2014 foreclosure sale.

An Order Dismissing Case for failure to make plan payments was entered on October 24, 2017. A copy of the Dismissal Order is attached hereto as Exhibit "H".

23.    On November 15, 2017, Movant filed a Motion for Entry of Order Directing Clerk to Reschedule Foreclosure Sale. The Court's Order granting Movant's Motion for Entry of Order Directing Clerk to Reschedule Foreclosure Sale was entered on November 20, 2017 and the first mortgage's foreclosure sale was reset for January 23, 2018. A copy of the Order is attached hereto as Exhibit "I".

24.    After the Seminole County Circuit Court reset the foreclosure sale for January 23, 2018, the Debtor again filed for her **sixth** bankruptcy case in the Middle District of Florida on January 23, 2018, the day of the foreclosure sale, which is the instant cause and has since rendered the sale cancelled.

25.    The Joint Debtor has filed **six bankruptcies** in the last eleven (11) years. All of the bankruptcy coincided filings with a scheduled foreclosure sale. The Debtor in these cases routinely failed to file the required documents and/or make the plan payments, which shows the Debtor never intended to reorganize her debts. Rather, she is abusing the Bankruptcy Court for the sole purpose of stopping foreclosure in order to allow her to continue receiving the benefit of the collateral without paying for it. This scheme has hindered first mortgage's ability to complete the foreclosure sale and for the Movant to obtain payment for the outstanding balance. Furthermore, Movant is responsible for maintaining the common areas and the pattern of abuse of the process has caused irreparable harm to the association.

26.    The Debtor also failed to disclose on the Voluntary Petition all of the bankruptcies that were previously in the last eight (8) years. The Debtor only included

20143-006

bankruptcy case 14-11350.  Upon belief this omission was to prevent the immediate disclosure of the serial filings.

## BASIS FOR RELIEF

## COUNT I – MOTION TO DISMISS

27.    This Court has authority under 11 U.S.C. §362(d)(4)(B) and §105 to issue an Order granting a two-year filing bar as to the subject property.  Such an Order will prevent the Debtor from abusing the bankruptcy process.

28.    While there is no specific test to determine whether a Debtor has filed a petition in bad faith, courts "may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the of the reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Phoenix Piccadilly, Ltd.*, 849 F. 2d 1393 (11th Cir. 19980 (quoting *In re Albany Partners, Ltd.*, 479 F. 2d 670, 674 (11th Cir. 1984)).

29.    Alternatively, this Court has the authority to review the totality of the circumstances under 11 U.S.C. §362(c)(3)(C) and §105 to determine whether Debtor acted in ***bad faith***.  The Code allows this Court to grant an Order which provides prospective stay relief in the future bankruptcy filings by the Debtor.  Such an order will prevent the re-imposition of the Automatic Stay for a period of two years from the date of the entry of this Order.

30.    It is evident that the Debtor is intentionally abusing the Bankruptcy Court in bad faith in order to prevent the secured creditors from completing the foreclosure sale and collecting amounts owed to them.

31.    Not only does the Debtor has an ongoing contractual and statutory obligation to pay assessments to Secured Creditor on a monthly basis, but his Court entered an Order

20143-006

mandating that Debtor commence making adequate payments to Secured Creditor, which Debtor failed to do. Since the first bankruptcy filing, there have been only a couple of payments made to Secured Creditor, while the other members of the community have been paying to maintain Debtor's property, including payments for the Management Company, insurance, and maintenance of the common elements. The failure of debtor to abuse the bankruptcy court is extremely prejudicial to Secured Creditor and its members.

32.    As a result of the necessity of preparing and filing this Motion Movant has incurred additional attorney's fees in the amount of $750.00.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order granting the Motion to Dismiss with a Two-Year Bar Under 11 U.S.C. §362(D)(4)(B).

## COUNT II – MODIFICATION OF AUTOMATIC STAY

33.    Pursuant to 11 U.S.C. §362(d)(1) and (d)(2) of the Bankruptcy Code, the Court may terminate the automatic stay for "cause," including the lack of adequate protection of an interest in property of such party of interest, or (ii) with respect to stay of an act against property, if the debtor does not have equity in such property and the property is not necessary to an effective reorganization." *See Acquisition Corp. of America v. Federal Savings and Loan Ins. Corp.* 96 B.R. 380, 382-83 (S.D. Fla. 1988); *Albany Partners, Ltd.*, 749 F. 2d at 673 (affirming dismissal of reorganization petition where the debtor lacked equity in the subject property, and had no realistic prospect of an effective reorganization).

34.    While "equity" is not defined in Section 362(d)(2) or in any other provision of the Bankruptcy Code, the "classic test" utilized by courts to determine equity compares the total amount of liens encumbering the property against the current value of the property. *In rem Indian Palms Associates, Ltd.*, 61 F. 3d 197, 206-207 (3rd Cir. 1995). This calculation includes

all liens, both junior and senior, and whatever remains is deemed the debtor's equity in the property. *Id.* At 207.

36.     The "effective reorganization" requirement of Section 362(d)(2) of the Bankruptcy Code requires more than a showing that there could be conceivably be an effective reorganization. *Acquisition Corp. of America*, 96 B.R. at 383.

37.     It is universally accepted that "Section 362(d)(1) and 362(d)(2) are disjunctive; the Court must lift the stay if the Movan prevails under either of the two grounds." *In re Kaplan Breslow Ash*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001); *see also In re JII Liquidating, Inc.*, 344 B.R. 875, 881 (Bankr. N.D. III. 2006) (noting the alternative grounds for stay relief).

38.     Once the proponent of the motion for relief proves that it is unsecured, the burden shifts to the debtor to provide that the collateral in controversy is necessary to the reorganization plan. *United Sav. Ass'n of Texas v. Timers of Inwood Forest Associates, Ltd.,* 484 U.S. 365. 375 (1988).  In order to overcome this burden, the debtor must show that "there is a reasonable possibility of a successful reorganization within a reasonable period of time" and that the property is essential for the prospective plan. *Id.* at 376.

39.     Since the property does not generate enough income to service its debt load, the property is not necessary for an effective reorganization under Section 362(d)(2).  The value of this property is far less than the principal due on the mortgages, and payments based upon the mortgages principal balances cannot be maintained.

40.     Absent a few trustee payments, Debtor has failed to pay Secured Creditor since January 2007.  In fact, the Debtor has paid only payments through the trustee and never made a voluntary payment.

41.     Secured Creditor is entitled to modification of the automatic stay for failure of Debtor to provide adequate protection payments to Secured Creditor.  Debtor has failed to timely meet and satisfy the payment requirements with respect to the contractual obligations set forth in the Declaration of Homeowners Association. Secured Creditor's indebtedness continues to accrue while receiving no payments to protect it against erosion of its collateral position. Moreover, Secured Creditor is not being adequately protected while the Debtor continues to enjoy benefits of the collateral.

42.     During the pending Bankruptcy, Secured Creditor is not permitted to enforce its security interest in the collateral and without being provided with adequate protection, is suffering irreparable injury, loss and damage.

WHEREFORE, Movant respectfully requests that this Honorable Court enter a Stay Relief for the Secured Creditor to proceed with State Court action against the property.

### COUNT III – MOTION TO COMPEL

43.     Despite a Court Order, Debtor has failed to pay Secured Creditor Adequate protection payments to protect it against erosion of its collateral.

44.     Upon information and belief, Debtor has been leasing his unit to a tenant and collecting monthly rent deriving income, but Debtor has failed to pay maintenance fees and assessments due from the unit despite the fact that Secured Creditor has been providing amenities and the upkeep of the property owned by the Debtor, for the benefit of the Debtor and her tenant.

WHEREFORE, Movant requests this honorable Court to permit Secured Creditor to directly receive rental income from the tenant.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court

20143-006

for the Middle District of Florida and am in compliance with the qualifications to practice in this Court.

**I CERTIFY** that a true and correct copy of the Notice was delivered to the addresses listed below by either First Class U.S. Mail, postage prepaid, or by Electronic Filing this 13 day of February, 2018.

BY:

Tennille Shipwash,, Esq.
Florida Bar No.: 617431
Attorneys for Creditor
Garfinkel Whynot
300 North Maitland Ave.
Maitland, FL 32751
Phone: (407) 777-8400; Telefax: (407) 386-8485
Primary email: tshipwash@mygwlaw.com
Secondary email: tsantiago@lovegwlaw.com

20143-006

## SERVICE LIST

Clement Ivelaw Scantlebury, Jr.
P.O. Box 2887
Orlando, FL 32802

Aisha Ain Scantlebury
P.O. Box 2887
Orlando, FL 32802

Laurie K. Weatherford
Post Office Box 3450
Winter Park, FL 32790

U.S. Trustee
United States Trustee – ORL 7/13, 7
Office of the United States Trustee
George C. Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

20143-006

INSTR # 2007133355   OR BK 06817   PG 1979   09/13/2007   03:44:26 PM
Maryanne Morse Clerk of County Seminole County Recorded By Court

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL
CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 07-CA-938-14-G

HSBC BANK USA NATIONAL
ASSOCIATION, AS TRUSTEE FOR
DEUTSCHE ALT-B SECURITIES MORTGAGE
LOAN TRUST SERIES 2006-AB4
            PLAINTIFF
VS.

AISHA A'IN MURPHY; UNKNOWN SPOUSE
OF AISHA A'IN MURPHY IF ANY; ANY AND
ALL UNKNOWN PARTIES CLAIMING BY,
THROUGH, UNDER, AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO
BE DEAD OR ALIVE , WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES OR OTHER CLAIMANTS;
MAGNOLIA CLUB HOMEOWNERS
ASSOCIATION, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS AS
NOMINEE FOR DHI MORTGAGE COMPANY,
LTD; JOHN DOE AND JANE DOE AS
UNKNOWN TENANTS IN POSSESSION.,
            DEFENDANT(S)



This space is for recording purposes only

## SUMMARY FINAL JUDGMENT IN FORECLOSURE

THIS CAUSE having come to be heard on Plaintiff's Motion for Summary Final Judgment and Taxation of
Attorney Fees and Costs, and upon the Affidavits filed herein, and the Court being fully advised in the premises, it is
hereby ORDERED:

1.    The Plaintiff's Motion for Summary Final Judgment is GRANTED.

2.    There is due to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the Mortgage foreclosed: | $195,192.00 |
| Interest on the Note and Mortgage from November 1, 2006 to May 26, 2007 | $8,855.83 |
| Per diem interest at $42.78 from May 27, 2007 through September 11, 2007 | $4,620.24 |
| Late Charges | $520.48 |
| Inspections Conducted on Property | $30.00 |
| Hazard Insurance Premiums | $1,320.72 |
| Appraisals | $95.00 |
| COSTS: | |
| Filing Fee | $257.00 |
| Service of Process | $430.00 |
| Abstracting | $325.00 |
| Service/Mail Required by Law | $16.50 |
| Title Update Charges | $75.00 |
| SUBTOTAL | $211,737.77 |

**EXHIBIT**

A

HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST
SERIES 2006-AB4 vs. AISHA A'IN MURPHY, ET AL
CASE NO: 07-CA-938-14-G

Attorney's fees based upon 9 hours at $150.00 per hour in the amount of:      $ 1,350.00

TOTAL $ 213,087.77

3.    A lien is held by the Plaintiff whose address is C/O AMERICA'S SERVICING COMPANY, 3476
STATEVIEW BLVD, FT. MILL, SC 29715 for the total of the Final Judgment sum specified in the
preceding paragraph, plus interest thereon. The lien of the Plaintiff is superior in dignity to any right, title,
interest or claim of the Defendants and all persons, firms or corporations claiming by, through, or under the
Defendants or any of them and the property will be sold free and clear of all claims of the Defendants. The
lien encumbers the following described property in SEMINOLE County, Florida, to-wit:
        LOT 107, OF MAGNOLIA CLUB, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT
        BOOK 67, AT PAGES 75 THROUGH 79, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY,
        FLORIDA.

4.    If the total sum due to the Plaintiff as set forth in Paragraph 2, plus interest at the statutory rate in effect at
the time of the entry of this judgment, which rate shall remain the same until the judgment is paid, and all
costs of this proceeding incurred subsequent to the date of this Judgment are not paid to Plaintiff, the Clerk
of this Court shall sell the property described in Paragraph 3 in accordance with the terms of Paragraph 6.

5.    The Plaintiff shall advance the cost of publishing the Notice of Sale and the Clerk's fee for it and shall be
reimbursed by the Clerk out of the proceeds of the sale of the property described in Paragraph 3 if the
Plaintiff does not become the purchaser of the property at the sale.

6.    The Clerk of this Court shall sell the property described in Paragraph 3 at public sale at 11:00 a.m., on the
____ day of NOV 2 7 2007 2007, a date that shall not be less than 20 days or more than 35 days after
the date of entry of this judgment, to the highest and best bidder or bidders for cash at Room S-201 of the
SEMINOLE County Courthouse located at 301 North Park Avenue, in Sanford, Florida, after having first
given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale unless the
Plaintiff or it's representative is present to bid at the sale. Any purchaser other than the Plaintiff shall pay
all service charges assessed by the Clerk of the Circuit Court pursuant to Florida Statute 28.24 together with
proper documentary stamps to be affixed to the Certificate of Title.

7.    The Plaintiff may be the bidder for, and purchaser of, the property described in Paragraph 3. If the Plaintiff
is the purchaser of the property at the sale, the Clerk shall credit the bid of the Plaintiff with the total sum
found to be due to the Plaintiff for such portion thereof as may be necessary to pay fully the bid of the
Plaintiff. If, subsequent to the date of the Plaintiff's affidavit of indebtedness and prior to the sale
contemplated in paragraph 6 hereof, the Plaintiff is required to advance any monies to protect its mortgage
lien, then Plaintiff or its attorneys shall so certify to the clerk of this court, and the amount found due to the
Plaintiff shall be increased by the amount of such advances without further order of the Court.

8.    Upon the confirmation of the sale of the property by the clerk filing the Certificate of Sale, any and all
persons claiming by, through, and under them since the date of the filing of the Notice of Lis Pendens, are
forever barred and foreclosed of and from all right, title, interest, claim or demand of any kind or nature
whatsoever in and to the property.

9.    Upon the filing of the Certificate of Title, the Clerk shall make distribution of the proceeds from the sale in
the following order and in the amounts due under each of the following subparagraphs:

a.    All costs and expenses of these proceedings subsequent to the entry of the Summary Final Judgment of
Foreclosure, including the cost of publishing the Notice of Sale and the Clerk's fee for making the sale,
unless the Plaintiff, having already paid for these two items of cost, is the purchaser at the sale, the cost of

HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST
SERIES 2006-AB4 vs. AISHA A'IN MURPHY, ET AL
CASE NO: 07-CA-938-14-G

      the State documentary stamps affixed to the Certificate of Title based on the amount bid for the property, plus the costs, if paid by purchaser.

b.    The total sum found to be due to the Plaintiff in Paragraph 2, plus interest at the statutory rate in effect at the time of entry of this judgment, which interest shall remain the same until the judgment is paid.

c.    The balance of the proceeds of the sale in excess of the amounts paid under Paragraphs 10(a) and 10(b) shall be retained by the Clerk of this Court pending further order of this Court.

10.    Upon the filing of the Certificate of Title, the purchaser at the sale, his/her representatives or assigns shall be let into possession of the property forthwith.

11.    The Court retains jurisdiction of this cause and the parties to enter further orders as are proper, including deficiency judgments, if permissible. Any such deficiency judgment may be sought only against the makers of the note.

12.    If the Plaintiff is the purchaser at the sale, the Plaintiff, their heirs, representatives, successors or assigns, shall be placed in immediate possession of the aforedescribed premises. In the event the Defendants fail to vacate the premises within ten (10) days of the date of the foreclosure sale, the Clerk of the Court is directed to issue a Writ of Possession to the Plaintiff and/or purchaser, their heirs, representatives, successors, or assigns, without the necessity of any further order from this Court for the premises located at 3320 PINE OAK TRAIL, SANFORD, FL 32773.

13.    In the event the Plaintiff is contractually obligated to pay its attorneys an amount less than the amount of reasonable fees awarded by the Court above in paragraph 2, the Defendant borrower shall have the right to pay that lesser amount for attorneys fees in the event the Defendant borrower has the right to reinstate the loan prior to the sale under the loan documents or in the event the Defendant borrower tenders full payoff of the loan to the Plaintiff prior to the filing of the Certificate of Sale by the Clerk.

14.    The court finds that the number of hours expended and the hourly rate charged by the Plaintiff's counsel as set forth in Paragraph 2 are reasonable. The Court further finds that there are no reduction or enhancement factors for consideration by the court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

15.    Should this property be sold to a third party, the Clerk of Court is hereby directed to make the check for the amount due to the Plaintiff pursuant to paragraph 10 above payable to David J. Stern, P.A. Trust Account.

16.    In the event the instant case is dismissed by the Plaintiff, the Clerk of Court is hereby directed to release any original documents filed with the Court to counsel of record for Plaintiff.

17.    The Court finds that the Plaintiff has proved the terms of the lost Note and Mortgage and its right to enforce the instrument(s) as required by Florida Statute Section 673.3091. The Plaintiff shall henceforth hold the defendant maker(s) of the Note and Mortgage harmless and shall indemnify them from any loss they may incur by reason of a claim by any other person to enforce the lost Note and Mortgage. Since adequate protection is therefore provided as required by Florida Statute Section 673.3091, judgment is hereby entered in favor of the Plaintiff as to its request to enforce the lost Note and Mortgage.

## NOTICE PURSUANT TO FLORIDA STATUTES § 45.031

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE

HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST
SERIES 2006-AB4 vs. AISHA A'IN MURPHY, ET AL
CASE NO: 07-CA-938-14-G

SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING
FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE
NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT
HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY
MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT
FOR SEMINOLE COUNTY, TELEPHONE NUMBER 407-665-4378, 301 NORTH PARK AVENUE,
SANFORD, FL 32771, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL
MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE
COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE
ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE
REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED
TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT
YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE
EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT
AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT SEMINOLE COUNTY BAR ASSOC. LEGAL
AID SOCIETY, INC., 407-834-1660, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.
IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR
REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT SEMINOLE
COUNTY BAR ASSOC. LEGAL AID SOCIETY, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS
SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE and ORDERED in open court at Sanford, SEMINOLE County, Florida this 11th day of
September, 2007.

_____
James E. C. Perry, Circuit Judge

Copies furnished to:

LAW OFFICES OF DAVID J. STERN, P.A.
801 S. UNIVERSITY DRIVE, STE 500
PLANTATION, FL 33324

AISHA A'IN MURPHY
3320 PINE OAK TRAIL
SANFORD, FL 32773

THOMAS R. SLATEN, JR., ESQUIRE
ATTORNEY FOR MAGNOLIA CLUB HOMEOWNERS ASSOCIATION, INC.
55 EAST PINE STREET
ORLANDO, FL 32801

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR DHI MORTGAGE COMPANY,
LTD
C/O CORPORATE COUNSEL
1595 SPRING HILL ROAD, STE 310
VIENNA, VA 22182

JANE DOE N/K/A TIA LOCKETT
3320 PINE OAK TRAIL
SANFORD, FL 32773

07-77656 (ASCF)

OR BK 06817 PG 1983

HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST
SERIES 2006-AB4 vs. AISHA A'IN MURPHY, ET AL
CASE NO: 07-CA-938-14-G

5

SCPA Parcel View: 18-20-31-509-0000-1070

Page 1 of 3

## Property Record Card

**Parcel:** 18-20-31-509-0000-1070

**Property Address:** 3320 PINE OAK TRL SANFORD, FL 32773

### Parcel Information

| | |
|---|---|
| Parcel | 18-20-31-509-0000-1070 |
| Owner | MURPHY, AISHA A<br>SCANTLEBURY, CLEMENT JR |
| Property Address | 3320 PINE OAK TRL SANFORD, FL 32773 |
| Mailing | PO BOX 741352 ORANGE CITY, FL 32774-1352 |
| Subdivision Name | MAGNOLIA CLUB |
| Tax District | S1-SANFORD |
| DOR Use Code | 0103-TOWNHOME |
| Exemptions | |

**EXHIBIT B**

### Value Summary

| | 2018 Working Values | 2017 Certified Values |
|---|---|---|
| Valuation Method | Cost/Market | Cost/Market |
| Number of Buildings | 1 | 1 |
| Depreciated Bldg Value | $112,815 | $106,455 |
| Depreciated EXFT Value | | |
| Land Value (Market) | $25,500 | $25,500 |
| Land Value Ag | | |
| Just/Market Value ** | $138,315 | $131,955 |
| Portability Adj | | |
| Save Our Homes Adj | $0 | $0 |
| Amendment 1 Adj | $30,079 | $33,559 |
| P&G Adj | $0 | $0 |
| Assessed Value | $108,236 | $98,396 |

Tax Amount without SOH:  $2,094.05
2017 Tax Bill Amount  $2,094.05
Tax Estimator
Save Our Homes Savings:  $0.00

* Does NOT INCLUDE Non Ad Valorem Assessments

### Legal Description

SCPA Parcel View: 18-20-31-509-0000-1070

LOT 107
MAGNOLIA CLUB
PB 67 PGS 75 - 79

## Taxes

| Taxing Authority | Assessment Value | Exempt Values | Taxable Value |
|---|---|---|---|
| County General Fund | $108,236 | $0 | $108,236 |
| Schools | $138,315 | $0 | $138,315 |
| City Sanford | $108,236 | $0 | $108,236 |
| SJWM(Saint Johns Water Management) | $108,236 | $0 | $108,236 |
| County Bonds | $108,236 | $0 | $108,236 |

## Sales

| Description | Date | Book | Page | Amount | Qualified | Vac/Imp |
|---|---|---|---|---|---|---|
| QUIT CLAIM DEED | 8/1/2013 | 08113 | 1692 | $31,574 | No | Improved |
| WARRANTY DEED | 4/1/2006 | 06303 | 1139 | $244,000 | Yes | Improved |

Find Comparable Sales

## Land

| Method | Frontage | Depth | Units | Units Price | Land Value |
|---|---|---|---|---|---|
| LOT | | | 1 | | $25,500.00 |

## Building Information

Is Bed/Bath count incorrect? Click Here.

| # | Description | Year Built Actual/Effective | Fixtures | Bed | Bath | Base Area | Total SF | Living SF | Ext Wall | Adj Value | Repl Value | Appendages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | SINGLE FAMILY | 2006 | 9 | 3 | 2.5 | 828 | 2,059 | 1,624 | CB/STUCCO FINISH | $112,815 | $117,822 | |

| Description | Area |
|---|---|
| GARAGE FINISHED | 399.00 |
| OPEN PORCH FINISHED | 14.00 |

SCPA Parcel View: 18-20-31-509-0000-1070

| | |
|---|---|
| OPEN PORCH FINISHED | 14.00 |
| OPEN PORCH FINISHED | 8.00 |
| UPPER STORY FINISHED | 796.00 |

## Permits

| Permit # | Description | Agency | Amount | CO Date | Permit Date |
|---|---|---|---|---|---|

No Permits

## Extra Features

| Description | Year Built | Units | Value | New Cost |
|---|---|---|---|---|

No Extra Features

## UNITED STATES BANKRUPTCY COURT
### Middle District of Florida
### Orlando Division

| | |
|---|---|
| IN RE: | Case No:    6:07-bk-05940-KSJ |
| Aisha Murphy | Chapter 13 |
| | |
| Debtor | |

### Order Granting Trustee's Motion to Dismiss for Failure to Maintain Plan Payments

      THIS CASE came on for consideration upon the Trustee's Motion to Dismiss Case for Failure to Maintain Timely Payments (Document No. 74). The Court, having found that the Debtor failed to become current under the Motion, finds that this case should be dismissed. Accordingly, it is hereby

      ORDERED AND ADJUDGED AS FOLLOWS:

      1. The Motion to Dismiss is granted and this case is dismissed.

      2. The automatic stay imposed by 11 U.S.C. Section 362 is terminated.

      3.  Of the Debtor's $45.79 balance in the Trustee's trust account, administrative expenses shall be disbursed as follows: $0.00 to secured creditors provided for in the Debtor's current plan, $0.00 attorney fees provided for in the Debtor's current plan, and $0.00 to the Trustee. The balance of $45.79 shall be turned over to the Debtor.

DONE and ORDERED in Orlando, Florida, this 30th day of September, 2008

                                  Karen S. Jennemann
                                  United States Bankruptcy Judge

Copies to:
All Creditors and Interested Parties



# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida
### Orlando Division

IN RE:

Aisha Murphy

                                    Debtor

Case No:       6:09-bk-01419-KSJ

Chapter 13

### Order Granting Trustee's Motion to Dismiss for Failure to Maintain Plan Payments

THIS CASE came on for consideration upon the Trustee's Motion to Dismiss Case for Failure to Maintain Timely Payments (Document No. 55). The Court, having found that the Debtor failed to become current under the Motion, finds that this case should be dismissed. Accordingly, it is hereby

ORDERED AND ADJUDGED AS FOLLOWS:

1. The Motion to Dismiss is granted and this case is dismissed.

2. The automatic stay imposed by 11 U.S.C. Section 362 is terminated.

3.  Of the Debtor's $1,951.58 balance in the Trustee's trust account, administrative expenses shall be disbursed as follows: $30.00 to secured creditors provided for in the Debtor's current plan, $460.00 attorney fees provided for in the Debtor's current plan, and $31.28 to the Trustee. The balance of $1,430.30 shall be turned over to the Debtor.

DONE and ORDERED in Orlando, Florida, this 10th day of September, 2009

Karen S. Jennemann
United States Bankruptcy Judge

Copies to:
All Creditors and Interested Parties



# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida
## Orlando Division

IN RE:

Aisha Murphy

Case No:   6:10-bk-18213-KSJ

Chapter 13

Debtor

### Order Granting Trustee's Motion to Dismiss for Failure to Maintain Plan Payments

THIS CASE came on for consideration upon the Trustee's Motion to Dismiss Case for Failure to Maintain Timely Payments (Document No. 68). The Court, having found that the Debtor failed to become current under the Motion, finds that this case should be dismissed. Accordingly, it is hereby ORDERED AND ADJUDGED AS FOLLOWS:

1. The Motion to Dismiss is granted and this case is dismissed.

2. The automatic stay imposed by 11 U.S.C. Section 362 is terminated.

3. Of the Debtor's $1,801.02 balance in the Trustee's trust account, administrative expenses shall be disbursed as follows: $0.00 to secured creditors provided for in the Debtor's current plan, $1,765.00 attorney fees provided for in the Debtor's current plan, $0.00 to administrative creditors provided for in the Debtor's current plan and $36.02 to the Trustee. The balance of $0.00 shall be turned over to the Debtor.

DONE and ORDERED in Orlando, Florida, this 7th day of July, 2011

Karen S. Jennemann
United States Bankruptcy Judge

Copies to:
All Creditors and Interested Parties


EXHIBIT

N THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              Case No.: 6:11-bk-17826-CCJ

AISHA MURPHY,

        Debtor(s).

_____/

## ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

THIS CASE came on for hearing on June 24, 2014 upon the Trustee's Motion to Dismiss (Document No. 94). The court having found that the debtor has failed to become current in plan payments finds that this case should be dismissed. Accordingly, it is hereby

1. This case is dismissed.

2. The automatic stay imposed by 11 U.S.C. Section 362 is terminated.

3. Of the Debtor(s) $0.00 in the Trustee's trust account, administrative expenses shall be disbursed as follows: $0.00 to secured creditors provided for in the Debtor(s) current plan, $0.00 attorney fees provided for in the Debtor(s) current plan, $0.00 to the Trustee and the sum of $0.00 shall be refunded to the Debtor(s).

4. The effective date of this order is delayed fourteen (14) days to permit the Debtor(s) to file a Notice of Conversion, along with the $25.00 trustee surcharge required by the Bankruptcy Court Fee Schedule.

DONE and ORDERED in Orlando, Florida, this 26th day of June, 2014

_____
CYNTHIA C. JACKSON
United States Bankruptcy Judge

Copies to:

Laurie K. Weatherford, Chapter 13 Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of the entry of the order.



EXHIBIT
F

## SERVICE LIST

Aisha Murphy
3320 Pine Oak Trail,
Sanford, FL 32773

Aisha Murphy
334 Lake Crescent Dr.
Debary, FL 32713

MERS as Nominee for DHI Mortgage Company LTD
c/o Corporate Counsel
1595 Springs Hill Road, Suite 310
Vienna, VA 22182

Jane Doe n/k/a Tia Lockett
3320 Pine Oak Trail,
Sanford, FL 32773

Margaret Ellen Kepler
Marinosci Law Group, PC
100 W Cypress Creek Rd Ste 1045
Fort Lauderdale, FL 33309-2191
mkepler@mlg-defaultlaw.com

08449-061

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA.

HSBC Bank USA, National Association, as
Trustee for Deutsche ALT-B Securitas Mortgage
Loan Trust Series 2006-AB,
      Plaintiff,                        CASE NO.: 2007-CA-000938

vs.

Aisha A'In Murphy, et. al.,
      Defendant(s).
_____/

### ORDER ON DEFENDANT'S, MAGNOLIA CLUB HOMEOWNERS ASSOCIATION INC., AMENDED MOTION TO VACATE THE CERTIFICATE OF SALE AND MOTION TO RESCHEDULE THE BANK'S FORECLOSURE SALE

**THIS CAUSE** having come before the Court on Defendant's, Magnolia Club

Homeowners Association Inc., Amended Motion to Vacate Foreclosure the Certificate of Sale

and Motion to Reschedule the Bank's Foreclosure Sale, the Court having considered the Motion,

having reviewed the file, and being otherwise fully aware of this action, it is,

**ORDERED AND ADJUDGED** that Defendant's motion is hereby GRANTED. The

Certificate of Sale entered on December 6, 2011 is hereby vacated and the Foreclosure Sale is

rescheduled for _October 9, 2014_____.

**DONE and ORDERED** in Chambers in Seminole County, Florida this _11_ day of

_August_____, 2014.

                                _Robert Plby_____
                                Circuit Court Judge

cc:
**Andrea Desoretz, Esq., Katzman Garfinkel, 5297 West Copans Road, Margate, FL 33063**
**Aisah Murphy 3320 Pine Oak Trail Sanford, FL 32773**
**Aisha Murphy 334 Lake Crescent Dr. Debary, FL 32713**
**MERS as Nominee for DHI Mortgage Company LTD c/o Corporate Counsel 1595 Springs Hill Road, Suite 310 Vienna, VA 22182**
**Jane Doe n/k/a Tia Lockett 3320 Pine Oak Trail Sanford, FL 32773**
**Jessica Aldeguer Esq. Marinosci Law Group, PC 100 W Cypress Creek Rd Ste 1045 Fort Lauderdale, FL 33309-2191**

*08449-061*


EXHIBIT
G

ORDERED.

Dated: October 24, 2017

Cynthia C. Jackson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
### Middle District of Florida
### Orlando Division

IN RE:                                          Case No:    6:14-bk-11350-CCJ

Aisha Murphy

                                                Chapter 13

                                    Debtor

### Order Granting Trustee's Motion to Dismiss for Failure to Maintain Plan Payments

THIS CASE came on for consideration upon the Trustee's Motion to Dismiss Case for Failure to Maintain Timely Plan Payments (Document No. 94) and the Response filed by the Debtor's (Document No. 96). The Court, having found that the Debtor failed to become current under the Motion, finds that this case should be dismissed.

Accordingly, it is hereby ORDERED AND ADJUDGED AS FOLLOWS:

1. The Motion to Dismiss is granted and this case is dismissed.

2. If the automatic stay imposed by 11 U.S.C. § 362(a) or § 1301 is in effect at the time this Order is entered, the stay is extended 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

3. The Trustee shall refund all funds on hand, if any, to the Debtor in care of the Debtor's attorney, when represented by an attorney.

4. The effective date of this order is delayed fourteen (14) days to permit the Debtor to file a Notice of Conversion, along with the $25.00 trustee surcharge required by the Bankruptcy Court Fee Schedule.

5. All pending hearings are canceled with the exception of any hearing on a motion for relief from stay currently scheduled within 14 days from the date of this order and any hearing on an Order to Show



Cause over which the Court reserves jurisdiction.

6. The Debtor, the Trustee, or any party in interest, may, within 14 days from the date of this Order, request the Court to examine the fees paid to Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

7. The Trustee is discharged from any further duties.


Copies furnished to: All Creditors and Interested Parties.

Trustee Laurie K. Weatherford is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

HSBC BANK USA, NATIONAL ASSOCIATION
AS TRUSTEE FOR DEUTSCHE ALT-B
SECURITIES, MORTGAGE LOAN TRUST,
SERIES 2006-AB4,
     Plaintiff,

                               CASE NO.: 59-2007-CA-000938

vs.

AISHA A. MURPHY, et al.,
     Defendants.

_____/

## ORDER DIRECTING CLERK TO RESCHEDULE FORECLOSURE SALE

THIS CAUSE having come before the Court on Defendant's, Magnolia Club

Homeowners Association, Inc., Motion to Reset Foreclosure Sale and the Court having considered

the Motion and having reviewed the file, and being otherwise fully aware of this action, it is,

     ORDERED AND ADJUDGED that Plaintiff's motion is hereby Granted and the Clerk of

the Court is hereby directed to re-schedule the Foreclosure Sale in the instant case for the ___23___

day of ___January___, 20_18_.

     DONE AND ORDERED in Chambers in Seminole County, Florida this ___20___ day

of ___NOV___, 20_17_.

                                                   Circuit Court Judge

cc:
Tennille Shipwash, Esq., Garfinkel Whynot, 300 N. Maitland Avenue, Maitland, FL 32751
David Osborne, Esq., Albertelli Law, P.O. Box 23028, Tampa, FL 33623
Marinosci Law Group, 100 West Cypress Creek Road, Suite 1045, Fort Lauderdale, FL 33309
Mortgage Electronic Registration Systems, Inc., as Nominee for DHI Mortgage Company LTD, c/o CT
Corporation, 1200 South Pine Island Road, Plantation, FL 33324
Aisha A'In Murphy, 3320 Pine Oak Trail, , Sanford, FL 32773
Unknown Tenant (s) in Possession of the Property n/k/a Tia Lockett, 3320 Pine Oak Trail, Sanford, FL
32771

FILED IN OFFICE
GRANT MALOY
CLERK CIRCUIT COURT
17 DEC 13 PH 4: 16
SEMINOLE CO FL

**EXHIBIT**
**I**

*20143-006*